MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority opinion in its interpretation of the insurance contract issued by Truck Insurance Exchange. The majority has failed to give effect to a clear and unambiguous provision of the policy which limits coverage to bodily injury or damage which occurs during the policy period. The majority opinion creates coverage where the parties agreed in the insurance contract there would be none.
The general condition limiting liability, which expressly applies to the entire policy, states:
“Except ... as otherwise provided herein, the insurance afforded under section II of this policy [the coverage involved in this case] applies only to bodily injury or property damage which occurs during the policy period . . .” (Emphasis added.)
This is a clear and unambiguous provision stating that the insurance applies only to bodily injury or damage which occurs within the policy period. It is contained in the general conditions expressly applicable to the entire policy. There is no language in the policy providing otherwise with respect to the coverage involved here.
The majority suggests that because there is no language in Section II which specifically limits coverage under that section, there is no limit whatsoever in the policy which provides that, to be covered, bodily injury or property damage must occur while the policy is in force. The majority supports this conclusion by referring to the phrase “except as *425 otherwise provided herein.” The majority finds that the complete absence of any mention of a policy period limitation in section II constitutes an exception “otherwise provided” in the policy. Obviously, if there is no exception stated in section II, there is no exception “otherwise provided” and the general condition limiting liability clearly applies.
The only policy provision arguably related to this question is the definition of bodily injury:
“ ‘Bodily Injury’ means bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person.”
Because the phrase “including death at any time” is underscored in the majority opinion, I assume the majority construes this language as creating coverage of bodily injury which occurs outside the policy period. However, the majority ignores the last two words of the phrase appearing in the policy, “resulting therefrom.” When the entire phrase is read in light of the general condition statement regarding the policy period limit, the phrase “including death at any time resulting therefrom” is clearly intended to assure coverage for a death occurring outside the policy period which results from a bodily injury occurring within the policy period. Obviously, this phrase was not intended to provide coverage of any death at any time which resulted from injury occurring outside the policy period. Despite the clear intent of this phrase to the contrary, the majority has concluded that it extends coverage to death resulting from an injury occurring outside the policy period.
I respectfully disagree with the majority’s conclusion that the quoted definitions of completed operations hazard, products hazard and bodily injury provide coverage for injury occurring outside the policy period. Those provisions are definition paragraphs which describe the particular types of hazard or injury which are covered. Nothing in these definitions provides that bodily injury or property damage occurring outside the policy period is covered under *426 the policy.
I would agree with the general statement that the policy provisions are complex and technical. At first reading the provisions may even be confusing. However, the majority’s confusion is unrelated to the policy period limitation. Complexity or difficulty in reading the policy is alone an insufficient basis to find ambiguity. The provision of the policy which limits coverage to bodily injury or property damage occurring within the policy period, or death resulting therefrom, is clear and unambiguous. I would reverse the judgment of the District court.
MR. JUSTICE GULBRANDSON, dissenting:
I join in the foregoing dissent of Mr. Justice Weber.